UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT LATROY WHITE (#241145)

VERSUS                                          CIVIL ACTION

LOUISIANA DEPARTMENT OF CORRECTIONS             NUMBER 08-798-RET-SCR

### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 6, 2009.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ROBERT LATROY WHITE (#241145)

VERSUS                                          CIVIL ACTION

LOUISIANA DEPARTMENT OF CORRECTIONS     NUMBER 08-798-RET-SCR


MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at St. Tammany Parish Jail, Covington, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections. Plaintiff alleged that he was denied due process during parole revocation hearings in violation of his constitutional rights. Plaintiff sought monetary damages.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989);

*Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that he was convicted of multiple offenses in the Twenty-first Judicial District Court for the Parish of Tangipahoa, Louisiana. Plaintiff alleged that after serving half of his seven year sentence, he was credited with earned good time and was released from custody as if on parole. Approximately four months later the plaintiff's good time parole was revoked. Plaintiff alleged that he was required to serve approximately 21 months in custody and was again released as a result of diminution of sentence. Plaintiff alleged that approximately two months later his good time parole was revoked a second time. Plaintiff alleged that he was required to serve another ten and one-half months in custody and was then released from custody as a result of diminution of sentence for the third time. Approximately eight months later, the plaintiff's good time parole was revoked for the

2

third time. Plaintiff alleged that he was required to serve an additional five and one-half months in custody before being released once again on diminution of sentence. Plaintiff alleged that he was denied due process during the various parole revocation proceedings.

First, under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

Second, the plaintiff's claim regarding the denial of due

process during his parole revocation hearings must initially be pursued through state habeas corpus. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987).

Additionally, unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that his parole revocation hearing was defective, he has no damages claim cognizable under section 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

Plaintiff also alleged that on November 14, 2007, he was convicted of armed robbery in the Twenty-second Judicial District for the Parish of St. Tammany, Louisiana. Plaintiff alleged that the State of Louisiana has sought to have the plaintiff adjudicated a habitual offender relying on the prior convictions in Tangipahoa Parish.

To the extent the plaintiff's complaint can be read to challenge his armed robbery conviction and sentence pursuant to 28 U.S.C. § 2254, it is clear on the face of the complaint that the

petitioner has failed to exhaust available state remedies.

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner. 28 U.S.C.§ 2254(b). Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985). Petitioner alleged that he spoke with jail personnel and sent letters to unidentified Department of Corrections officials but received no response.

A district court may notice on its own motion a petitioner's failure to exhaust state remedies. *McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir. 1984) (en banc).

Under Louisiana procedure, although there is no right of appeal from a trial court's denial of a petition for post-conviction relief, *Wilson v. Foti*, 832 F.2d 891 (5th Cir. 1987), *cert. denied*, 484 U.S. 901, 108 S.Ct. 241 (1987), such a petition is subject to review by the Louisiana court of appeal, and then by the Louisiana Supreme Court, in each court's discretion through its supervisory jurisdiction. *Wilson v. Foti, supra*. The Louisiana Supreme Court's discretion to entertain an application for post-

conviction relief is sufficiently broad that a federal court cannot confidently anticipate which petitions the Supreme Court would entertain, see Richardson, 762 F.2d at 432, and so exhaustion of state court remedies when no appeal has been taken requires presenting the claims to the Louisiana Supreme Court also.

It is clear on the face of the complaint that the petitioner has failed to exhaust available state remedies.  Therefore, any claim challenging the petitioner's armed robbery conviction and sentence should be dismissed without prejudice for failure to exhaust available state remedies.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims brought pursuant to § 1983 be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).  It is further recommended that, to the extent the petitioner's complaint can be treated in part as an application for habeas corpus relief under § 2254, it be dismissed, without prejudice, for failure to exhaust state remedies.

Baton Rouge, Louisiana, January 6, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE